## SUPREME COURT.

### ISAAC SCOTT agt. WILLIAM S. ROBERTS.

#### AND FOUR OTHER CAUSES AGAINST SAME DEFENDANT.

An action will not lie in this state by an individual billholder against an individual stockholder, to enforce the personal liability of a stockholder of a foreign banking corporation, by whose charter it is provided that the persons and property of the stockholders in said bank should be pledged and bound in proportion to the amount of the shares that each individual might hold in said bank, for the ultimate redemption of the bills or notes issued by or from said bank, during the time he may hold such stock, as in commercial cases, or simple cases of debt.

*New York Special Term, November,* 1867.

THE complaint alleged the incorporation of a bank by the state of Georgia, in 1830; the issue of bills from 1831 to 1863, to the amount of $1,500,000, which the plaintiff holds to the amount of $100,000 ; that payment had been demanded and refused; that at the time of issuing the bills, the bank had a capital of $500,000 in gold and silver coin, and other property ; that the defendant some time before 1854, was elected a director, and continued to act as such till January 4, 1866, and was during the same time a stockholder; that during the years 1862–1865, the defendant, with the other directors, sold the property of the bank, and with the proceeds purchased confederate notes and bonds, and also speculated in cotton with the proceeds, making large profits, which the defendant and the other directors divided among them, giving the bank for all its property only confederate notes and bonds, which were wholly worthless; that thereby the bank was made insolvent, and deprived of all means of paying its bills ; that the bank made an assignment January 4, 1866, and ceased all business, and has no officers or place of business, or property of any kind, and that the assignee has no assets ; that by the charter it was enacted that the persons and property of the stockholders in said bank should be pledged and bound in proportion to the amount of the shares that each individual might hold in said bank, for the ultimate redemption of the bills or notes issued by or from said bank during the time he may hold such stock, as in commercial cases, or simple cases of debt; that the whole number of shares in the capital stock was 5,000, of the par value of $100 each, of which the defendant during the time aforesaid, was, and now is, the holder of 119 shares ; that the whole circulation was $1,500,000, and that the proportion of the defendant's stock to the capital was 1-42. Wherefore, the plaintiff demanded judgment for $100,000.

The defendant demurred for want of jurisdiction of the subject of the action; for defect of parties in the omission of

the corporation and the other creditors, stockholders and directors.

W. M. EVARTS, W. G. CHOATE *and*
JOHN FITCH, *for defendant.*
WARD & WHIEHEAD, *for plaintiff.*

CLERKE, J.    These are actions brought by the several plantiffs as the holders of the bills of a bank, incorporated by the state of Georgia, against the defendant, as a director of the corporation.

The reasons which I have mentioned in the preceding cases, apply to these with greater force.    But more especially applicable to these cases is the rule well established, that a stockholder cannot sue directors for damages on the ground their stock was made valueless by the misconduct of the defendants.

If a stockholder cannot maintain such an action, a creditor certainly cannot do so.

Judgment on the demurrers, with costs.